**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHARLES and MONICA PERKINS,

     Plaintiffs,

v.                                 CASE NO: 8:18-cv-806-T-26CPT

NATIONAL CREDIT SYSTEMS, INC.
and WINDWOOD OAKS TAMPA
APARTMENTS, LTD.,

     Defendants.

_____/

**O R D E R**

Defendant Windwood Oaks Tampa Apartments, LTD. has filed a motion to dismiss

Plaintiffs' complaint, thereby prompting this Court to examine its allegations.  In the Court's

view, the Plaintiffs' complaint is the quintessential shotgun pleading that has been condemned on

numerous occasions by the Eleventh Circuit Court of Appeals.  See Davis v. Coca-Cola Bottling

Co. Consolidated, 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases), abrogated on other

grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell

Atl. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).[1]  As in Strategic

---

[1]  The Davis Court, speaking through Judge Tjoflat, also engaged in a thorough
and extensive discussion of the havoc that such pleadings wreak on the judicial system,
litigants, and the public at large.  516 F.3d at 979-84; see also Weiland v. Palm Bch. Cnty.
Sheriff's Office, 792 F.3d 1313, 1321-22 (11th Cir. 2015) (recounting the Eleventh
Circuit's history dealing with shotgun pleadings on appeal and grouping such pleadings
into four categories).

Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corporation, 305 F.3d 1293, 1295 (11th Cir. 2002), the complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Under these circumstances, the Court has the inherent authority, even if not requested by opposing counsel, to demand a repleader *sua sponte*. See Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (suggesting that when faced with a shotgun pleading a district court, acting on its own initiative, should require a repleader); Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (noting that district courts confronted by shotgun complaints have the inherent authority to demand repleader *sua sponte*).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiffs shall replead the complaint within fifteen (15) days of this order.

2) Defendants shall file their responses within fifteen (15) days of service.

3) The Motion to Dismiss (Dkt. 8) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on June 19, 2018.


s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record