UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES and MONICA PERKINS,

    Plaintiffs.

v.                                                CASE NO. 8:18-cv-806-T-26CPT

NATIONAL CREDIT SYSTEMS, INC.,
and WINDWOOD OAKS TAMPA
APARTMENTS, LTD.,

    Defendants.
_____/

## **O R D E R**

**BEFORE THE COURT** is Defendant Windwood Oaks Tampa Apartments, Ltd.'s Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint (Dkt. 13) and Defendant's Opposition (Dkt. 19). After careful consideration of the allegations of the First Amended Complaint (Dkt. 10), the argument of counsel, and the applicable law, the Court concludes the motion should be granted, but permitting Plaintiffs one last chance to replead.

## BACKGROUND

Plaintiffs name Defendant Windwood Oaks Tampa Apartments, Ltd. (Windwood) in four counts of the amended complaint: violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (FCRA) (count I), constructive eviction (count III), retaliation

(count IV), and violations of statutory requirements regarding their security deposit and damages in excess of the security deposit (count V). All of these claims arise from an incident at the apartment complex on March 1, 2017, the ensuing notice to vacate the premises, and the attempted collection of a debt for damages to the apartment.

A trapper gained permission from Windwood to remove ducks, including Plaintiffs' pet duck. Plaintiff Charles Perkins attempted to stop the trapper from accomplishing the goal, which led to his arrest. Plaintiffs made flyers about the incident which they distributed to the other tenants. Windwood then posted a notice to vacate Plaintiffs' apartment and Windwood's employees assured Plaintiffs that eviction proceedings would follow. Plaintiffs vacated the premises four months later in July 2017.

## STANDARD

Windwood seeks to dismiss the amended complaint based on failure to state a claim for relief in contravention of the Twombly-Iqbal standard.[1] In examining whether the allegations of the complaint state a claim for relief, the court must accept them "as true and constru[e] them in the light most favorable to the plaintiff." Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1270 (11th Cir. 2016) (quoting Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003)). Windwood sets out in detail the deficiencies of the amended complaint, which for the most part are well-taken.

---

[1] See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

# COUNT I – FCRA VIOLATIONS

To bring a claim for relief under the FCRA, Plaintiffs may allege a private right of action pursuant to § 1681s-2(b), which requires a furnisher of information like Windwood to investigate and promptly respond to notices of customer disputes, but not § 1681s-2(a), which requires a furnisher of information to submit accurate information to a credit reporting agency. Green v. RBS Nat'l Bank, 288 F.App'x 641, 642 (11th Cir. 2008) (unpublished). Under the FCRA, the "furnisher must receive notice of the consumer's dispute from a consumer reporting agency" before the statutory duties of a furnisher are triggered. 15 U.S.C. § 1681s-2(b)(1) ("After receiving notice pursuant to section 1681i(1)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall – . . . conduct an investigation . . .[and respond promptly to notices of customer disputes] . . ."); Arianas v. LVNV Funding LLC, 54 F.Supp.3d 1301, 1311 (M.D. Fla. 2014); Salvatore v. Nationstar Mortg., LLC, 2015 WL 5970707, at *3 (M.D. Fla. 2015) (finding Arianas on point); Robinson v. Dyck O'Neal, Inc., 2016 WL 8943286, at *4-5 (M.D. Fla. 2016) (citing Arianas and Peart v. Shippie, 345 F.App'x 384, 386 (11th Cir. 2009)). Count I lacks the allegation that Windwood received notice of the disputed information from the consumer reporting agency, Defendant National Credit Systems, Inc (NCS). If Plaintiffs can assert that Windwood received notice of the consumer disputes from a credit reporting agency, then count I may be amended. Plaintiffs, however, must also allege

how Windwood breached the § 1681s-2(b) duties by either or both failing to conduct a sufficient investigation or any investigation at all. See Smith v. Bank of Am. Home Loans, 968 F.Supp.2d 1159, 1167 (M.D. Fla. 2013) (dismissing complaint without prejudice to cure these same deficiencies).

## COUNT III – CONSTRUCTIVE EVICTION

Plaintiffs allege they were deprived of the quiet use and enjoyment of their apartment by Windwood having Mr. Perkins arrested on the premises after he attempted to release the captured ducks from the trapper's cages on March 1, 2017, and then issuing a notice to vacate approximately one week later. See docket 10, ¶¶ 29-42. To establish a claim for constructive eviction, Plaintiffs must show that Windwood intended to interfere with the use and enjoyment of the premises without actually evicting them. See Wolfe v. Glasgow, 2009 WL 10670910, at *5 (M.D. Fla. 2009) (citing Richards v. Dodge, 150 So.2d 477, 481 (Fla.Dist.Ct.App. 1963)). After the expiration of Plaintiffs' one-year lease signed in 2014, the rental became month-to-month with no expiration date. Thus, the notice to vacate indicated the intent to bring about an actual eviction, which was not carried out prior to the expiration of the lease. Just as in Wolfe, "[b]ecause the only purpose of the notice was to effect an actual eviction, Plaintiff[s] cannot establish breach of the covenant of quiet enjoyment." Also absent from the amended complaint are any allegations regarding timely notice to the landlord or a demand for rectification. Kaplan

v. McCabe, 532 So.2d 1354, 1356 (Fla.Dist.Ct.App. 1988) (citing Richards). Count III is dismissed with prejudice.

**COUNT IV– RETALIATION**

Plaintiffs claim they were retaliated against in violation of section 83.64(1) of the Florida Statutes after they engaged in the protected activities of asserting their right to possess the pet duck both inside the unit and outside on the grounds and asserting their right to disseminate flyers in the community regarding Windwood's theft and attempted theft of the pet duck. See docket 10, ¶¶ 98 and 100. Plaintiffs do not reveal the specific content of the flyers. Windwood allegedly retaliated by calling the police and not advising them or the trapper of Plaintiffs' right to the pet duck by issuing a 7-day notice to vacate, and by falsely reporting to NCS that Mr. Perkins owed $890.00 to Windwood. See docket 10, ¶¶ 99, 101 and 103. At least one court has held that a tenant's complaints both to the landlord and to the public constitute protected activity. See Floyd v. City of Sanibel, 2017 WL 78638 (M.D. Fla. 2017). Threatening eviction in retaliation for complaints, absent bad faith on the part of the tenants, states a viable claim. Floyd, 2017 WL 78638, at *7. Plaintiff need not amend this count.

**COUNT V – CLAIM TO SECURITY DEPOSIT**

Florida law sets forth the steps a landlord must take to impose a claim on the security deposit. Fla. Stat. § 83.49(3). Plaintiffs allege that Windwood failed to give notice, much less timely notice, of the claim to the security deposit. See docket 10, ¶¶ 51,

53 and 107. The final account statement attached to the amended complaint, however, appears to be notice. See docket 10-4. Plaintiffs argue in their response that they never received notice, just as they pled. Where a factual development is necessary to resolve the conflict, a motion to dismiss should not be granted. Therefore, Count V avoids dismissal.

Finally, the "Prayer for Relief" section of the amended complaint is redundant and confusing. Plaintiffs should either omit this section or replead it in such a way as to precisely state what relief is sought against each Defendant.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendant Windwood Oaks Tampa Apartments, Ltd.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 13) is granted.

(2) Defendant Windwood's Motion to Strike Plaintiffs' First Amended Complaint (Dkt. 13) is granted in part. Plaintiffs shall either omit the "Prayer for Relief" or replead it in accord with this order.

(3) To the extent Plaintiffs allege a violation of § 1681s-2(a), any such claim is dismissed with prejudice. To the extent Plaintiffs allege a violation of § 1681s-2(b), count I is dismissed without prejudice.

(4) Count III is dismissed with prejudice.

(5) Plaintiffs shall file an amended complaint within ten (10) days of the date of this order. Defendant Windwood shall file its response within fourteen (14) days of service of the amended complaint.

**DONE AND ORDERED** at Tampa, Florida, on August 16, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record