UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES and MONICA PERKINS,

    Plaintiffs,

v.                                        Case No. 8:18-cv-806-T-36CPT

NATIONAL CREDIT SYSTEMS, INC.,
and WINDWOOD OAKS TAMPA
APARTMENTS, LTD.,

    Defendants.
_____/

**<u>DEFENDANT WINDWOOD OAKS TAMPA APARTMENTS, LTD.'S
ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD. ("Windwood"), by and through its undersigned counsel, and pursuant to the Court's order entered September 25, 2018 (Doc. 24), hereby answers Plaintiff's Third Amended Complaint as follows:

**<u>ANSWER</u>**

1.     Admitted for jurisdictional purposes only.  Otherwise, denied.

2.     Admitted for jurisdictional purposes only.  Otherwise, denied.

3.     Admitted.

4.     Without knowledge; therefore, denied.

5.     Without knowledge; therefore, denied.

6.     Admitted.

7.     Admitted.

8.     Without knowledge; therefore, denied.

9.     Without knowledge; therefore, denied.

10.	Admitted that Plaintiffs moved into the apartment located at 258 Windwood Oaks Drive #101, Tampa, FL 33613 on or about April 3, 2014 pursuant to a residential lease agreement with Windwood.  Otherwise, without knowledge; therefore, denied.

11.	Admitted that Plaintiffs paid Windwood a security deposit of $100.00 pursuant to a residential lease agreement with Windwood.  Otherwise, without knowledge; therefore, denied.

12.	Without knowledge; therefore, denied.

13.	Without knowledge; therefore, denied.

14.	Denied as phrased.

15.	Admitted.

16.	Denied.

17.	Denied.

18.	Denied.

19.	Denied.

20.	Denied.

21.	Denied.

22.	Denied.

23.	Denied.

24.	Denied.

25.	Denied as phrased.

26.	Denied as phrased.

27.	Admitted that Irina Hearn agreed to allow the trapper to remove certain ducks. Otherwise, denied as phrased.

28.	Denied.

29. Without knowledge; therefore, denied.

30. Without knowledge; therefore, denied.

31. Without knowledge; therefore, denied.

32. Without knowledge; therefore, denied.

33. Without knowledge; therefore, denied.

34. Admitted that Plaintiff visited the manager's office and spoke with Irina Hearn. Admitted that Irina Hearn confirmed that she agreed to allow the trapper to remove certain ducks. Otherwise, denied as phrased.

35. Admitted that Plaintiff left the manager's office. Otherwise, denied.

36. Admitted that Plaintiff was placed in handcuffs. Otherwise, without knowledge; therefore, denied.

37. Without knowledge; therefore, denied.

38. Without knowledge; therefore, denied.

39. Without knowledge; therefore, denied.

40. Without knowledge; therefore, denied.

41. Admitted that Plaintiffs distributed certain flyers throughout the community sometime after March 1, 2017. Otherwise, denied as phrased.

42. Denied.

    a. Denied.

    b. Denied.

43. Denied as phrased.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Without knowledge; therefore, denied.

49. Denied.

50. Without knowledge; therefore, denied.

51. Without knowledge; therefore, denied.

52. Without knowledge; therefore, denied.

53. Without knowledge; therefore, denied.

54. Without knowledge; therefore, denied.

55. Admitted.

56. Without knowledge; therefore, denied.

57. Without knowledge; therefore, denied.

58. Without knowledge; therefore, denied.

59. Denied that the October 26, 2017 correspondence, attached to the Third Amended Complaint as Exhibit D, failed to include a copy of a notice of claim on security deposit. Otherwise, without knowledge; therefore, denied.

60. Admitted that NCS advised Windwood of Plaintiffs' dispute of the subject debt. Admitted that Windwood provided NCS with, *inter alia*, copies of the Final Account Statement for Charles Perkins and the Apartment Lease Contract for Charles and Monica Perkins. Otherwise, denied as phrased.

61. Denied that Windwood reported the debt on Charles Perkins' credit report. Otherwise, without knowledge; therefore, denied.

62. Denied.

63. Without knowledge; therefore, denied.

64. Denied as phrased.

65. Admitted that NCS advised Windwood of Plaintiffs' dispute of the subject debt. Admitted that Windwood provided NCS with, *inter alia*, copies of the Final Account Statement for Charles Perkins, the Apartment Lease Contract for Charles and Monica Perkins, and the Move-In/Move-Out Inspection Form for Charles Perkins. Otherwise, denied as phrased.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied as phrased.

73. Denied.

74. Denied.

75. Without knowledge; therefore, denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Without knowledge; therefore, denied.

## COUNT I[1]
## VIOLATIONS OF THE FCRA
*(As to Plaintiff Charles Perkins Only) (Against NCS)*

84. Windwood re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 20 and 45 through 80 above, as if fully set forth herein.

85. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

86. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

87. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT
*(Plaintiff Charles Perkins Only)*
*(Against Defendant NCS)*

88. Windwood re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 20 and 45 through 80 above, as if fully set forth herein.

---

[1] Count I begins with a paragraph numbered as Paragraph 84. The paragraph immediately preceding this is labeled as Paragraph 80. Upon information and belief, this is due to a scrivener's error. To the extent that Plaintiffs intended to include additional allegations at the omitted Paragraphs 81, 82, and 83, such are hereby denied.

89. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

90. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

91. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

92. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

93. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

94. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted

nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

95. The allegations contained in this Count do not assert a cause of action against Defendant Windwood. Accordingly, the allegations contained in this Count are neither admitted nor denied. In the event said allegations should ever be construed to assert a claim against Defendant Windwood, these allegations are hereby denied.

**COUNT III**
**RETALIATION**
*(Both Plaintiffs)*
*(Against Defendant Windwood Only)*

96. Windwood re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 80 above, as if fully set forth herein.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

**COUNT IV**
**SECURITY DEPOSIT CLAIMS**
**(F.S. § 83.49(3))**
*(Both Plaintiffs)*
*(Against Defendant Windwood Only)*

104. Windwood re-alleges and incorporates by reference its responses to the allegations contained in paragraphs 1 through 20, 45 through 52, and 80 above, as if fully set forth herein.

105. Admitted that Plaintiffs paid Windwood a security deposit of $100.00 pursuant to a residential lease agreement with Windwood. Otherwise, denied as phrased.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

## GENERAL DENIAL

Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., denies each and every allegation not explicitly admitted herein, and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., hereby demands trial by jury for all issues so triable.

## AFFIRMATIVE DEFENSES

1. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that Plaintiffs' Third Amended Complaint fails to state a claim for which relief can be granted as a matter of law.

2. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that at all times material hereto, Plaintiffs did not act in good faith as is required under Florida Statute § 83.64(1), and, therefore, Plaintiffs are barred from any recovery with respect to their claim at Count III.

3. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that Plaintiffs did not engage in conduct protected under Florida Statute § 83.64(1), and, therefore, Plaintiffs are barred from any recovery with respect to their claim at Count III.

4. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that any actions it allegedly engaged in with respect to Plaintiffs were done "for good cause" as that term is provided for and described at Florida Statute § 83.64(3) and, therefore, Plaintiffs are barred from any recovery with respect to their claim at Count III.

5. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that Charles Perkins violated the rental agreement and/or Windwood's reasonable rules and, therefore, Plaintiffs are barred from any recovery with respect to their claim at Count III.

6. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that Plaintiffs failed to object to the imposition of Windwood's claim on Plaintiffs' security deposit within fifteen (15) days after receipt of Windwood's Final Account Statement, dated August 4, 2017.

7. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that Plaintiffs failed to give Windwood notice in compliance with the requirements of Florida Statute § 83.49(5), thereby relieving Windwood of the notice requirement of Florida Statute § 83.49(3)(a).

8. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that to the extent that Plaintiffs seek punitive or exemplary damages, Defendant invokes its right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and affirmatively alleges that to award Plaintiffs punitive damages would violate the Due Process Clause of the Fifth and Fourteenth Amendments.

9. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that Plaintiffs have failed to mitigate their damages, if any, as required by law and should

therefore be barred from recovering those damages which they could have and should have mitigated.

10. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that there is no causal connection between the actions of Defendant Windwood and any injury or damage allegedly suffered by Plaintiffs.

11. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., affirmatively alleges that the injuries and losses complained of by Plaintiffs are in no way related to any actions taken by this Defendant.

12. Defendant, WINDWOOD OAKS TAMPA APARTMENTS, LTD., hereby gives notice that it intends to rely upon such other defenses as may become available during the discovery proceedings in this case and hereby reserves the right to amend its Answer and Affirmative Defenses in order to assert any such defenses.

Respectfully submitted this 9th day of October, 2018

/s/John M. Janousek
John M. Janousek, Esquire
Florida Bar No.: 0098599
Michael J. Roper, Esquire
Florida Bar No.: 0473227
David B. Blessing, Esquire
Florida Bar No. 0937230
2707 E. Jefferson Street
Orlando, Florida 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-6947
Primary: jjanousek@bellroperlaw.com
Secondary: kreed@bellroperlaw.com
Primary: mroper@bellroperlaw.com
Secondary: phermosa@bellroperlaw.com
Primary: dblessing@bellroperlaw.com
Secondary: nlehman@bellroperlaw.com
Attorneys for Defendant, Windwood Oaks Tampa Apartments, Ltd.

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF on this 9th day of October, 2018, to: April S. Goodwin, Esquire, The Goodwin Firm, P.A., 801 West Bay Drive, Suite 705, Largo, FL 33770, at: april@goodwin-firm.com.

    */s/John M. Janousek*
John M. Janousek, Esquire
Florida Bar No.: 0098599
Michael J. Roper, Esquire
Florida Bar No.: 0473227
David B. Blessing, Esquire
Florida Bar No. 0937230
2707 E. Jefferson Street
Orlando, Florida 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-6947
Primary: jjanousek@bellroperlaw.com
Secondary: kreed@bellroperlaw.com
Primary: mroper@bellroperlaw.com
Secondary: phermosa@bellroperlaw.com
Primary: dblessing@bellroperlaw.com
Secondary: nlehman@bellroperlaw.com
Attorneys for Defendant, Windwood Oaks Tampa Apartments, Ltd.